Dear Ms. Luker:
On behalf of the Franklin Foundation Hospital, a hospital service district hospital located in Franklin, Louisiana which you serve as Administrator, you have requested an Attorney General's Opinion regarding the constitutionality of a "discounted prompt-pay policy" under La. Const. Art. VII, Sec. 14.
Your letter advises that as a hospital service district hospital, the Franklin Foundation Hospital (the "Hospital"), treats patients without regard to a patient's ability to pay. Your letter further states:
 "When the Hospital determines that no third party payer exists (including Medicare, Medicaid or commercial payer) for services rendered, or about to be rendered, then a patient self-pay account is established. More often than not, the Hospital does not receive payment on such account and therefore, it has been the Hospital's policy, after prudent collection measures have been taken, to book or designate such accounts as bad debt. In order to encourage collection for such accounts, the Hospital is considering offering a discount from its normal charges to the uninsured individual, if the uninsured individual promptly pays the discounted amount at the time of service or immediately thereafter. Please note that the discount the Hospital will offer will be no greater than the discount from the Hospital's charges already provided to governmental payers, such as Medicare and Medicaid. The Hospital believes it will receive a tangible benefit (immediate receipt of funds, albeit discounted) as opposed to the historical practice which generally results in the receipt of no funds We believe that because the Hospital will receive a tangible benefit by this policy, the policy is not in contravention of Article 7, Section 14(A)."
Specifically, you have asked this office for our opinion as to whether the above described "discounted prompt-pay policy" is prohibited by La. Const. Art. VII, Sec. 14(A), which pertinently provides that "the funds, credit, property, or things of the state or of any political subdivision cannot be loaned, pledged, or donated to or for any person"
Please be advised that the Hospital's offering of a discount from normal hospital charges to uninsured patients in return for which the Hospital will receive immediate or very prompt payment by the uninsured patient for services received at the Hospital does not, in our opinion, violate La. Const. Art. VII, Sec. 14(A). Although the granting of a discount on services performed could be said to be a "thing of value", in our opinion, the granting of such a discount under the circumstance presented cannot be said to be a donation. A donation is a gratuitous disposition of property. La.C.C. Art. 1467. Merriam-Webster Dictionary defines gratuitous as "given unearned or without recompense", and "not involving return benefit, compensation, or consideration".[1] According to your advice, the Hospital will receive what it considers to be a "tangible benefit", in the form of the immediate receipt of funds, in return for offering the discount.
Clearly, the Hospital has determined that the prompt receipt and availability of the funds generated by the discounted payments is of value to the Hospital, and will be worth more to the Hospital than the potential cost of collecting the full amount owed the Hospital at a later date. In such a case, the offering of the discount cannot, in our opinion, be considered to be a "donation".
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM
Assistant Attorney General
RPI/JMZB/dam
xc: Mr. Jack M. Stolier
Date Released: July 8, 2003
Jeanne-Marie Zeringue Barham Assistant Attorney General
[1] http//www.m-w.com/cgi-bin/dictionary